**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KIM COAXUM, | : | |
| | | Civil Action No.  10-6115(RBK) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| WARDEN DONNA ZICKEFOOSE, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES**:

Petitioner <u>pro</u> <u>se</u>
Kim Coaxum
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**KUGLER**, District Judge

    Petitioner Kim Coaxum ("Petitioner"), a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(1).[1] The sole respondent is Warden Donna Zickefoose.

---

    [1] Section 2241 provides in relevant part:

  (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
  (c) The writ of habeas corpus shall not extend to a prisoner unless-- (1) He is in custody under or by color of the authority of the United States, or ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND

Petitioner asserts that he was placed in the Segregated Housing Unit ("SHU") and while in the SHU, he is not provided daily outside recreation so that he can receive unobstructed sun rays. Plaintiff further asserts that there is material on his cell windows that block out the sun rays.

Petitioner seeks the following relief: that he be provided with daily outside recreation; that the material blocking the sun rays on his cell windows be removed; and that his supervised release be terminated, based on irreparable injury.[2]

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[2] Petitioner states that "on or about 10-23-2008, in the U.S. District Court for the District of Middle Middle District [sic], a sentencing hearing was held as to Plaintiff. The Court sentenced Plaintiff to 87 months of imprisonment to be followed by 3 years of supervised release." Petitioner does not provide any further facts or any arguments related to his request for the termination of his supervised release. Rather, his petition only discusses the necessity of sun exposure and his request for daily recreation time.

A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

III. ANALYSIS

This court lacks jurisdiction in habeas to hear Petitioner's challenge to his placement in the Segregated Housing Unit and his daily sun exposure. Accordingly, the Petition will be dismissed without prejudice for lack of jurisdiction. Petitioner will be granted leave to pursue his claims in a civil rights action.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 125 S.Ct. 1242

(2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights

4

action.  See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).  See also Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, Petitioner's challenge to his placement in the Segregated Housing Unit, and associated lack of exposure to sunlight, is the type of challenge to conditions of confinement that must be brought by way of a civil rights action or action for declaratory and injunctive relief.

Because Petitioner has not prepaid the $350.00 filing fee, and because of the consequences that flow from a grant of leave to proceed in forma pauperis in a civil rights action or from the dismissal of a civil rights action, this Court will not construe this matter as a civil rights complaint.  See 28 U.S.C. § 1915(g).  Instead, this Petition will be dismissed and the Clerk of the Court will be directed to open a new, civil action.  Petitioner will be granted leave to advise the Court whether he wishes to proceed with this matter as a civil action.

This Court expresses no opinion as to the merits of Petitioner's claim.

IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

s/Robert B. Kugler  
Robert B. Kugler  
United States District Judge

Dated: February 24, 2011